Case number four this morning is Dean v. Illinois Department of Corrections. Mr. Baker, good morning, may it please the court, counsel, my name is John Baker, I am here today representing Michael Dean. We are here appealing a grant of summary judgment that the district court entered. Primarily I would like to focus on our two different FMLA claims that we raised before the district court. This is sort of an interesting factual background with Mr. Dean. He was in a variety of different statuses over a period of time. He had been seriously injured at work. His finger had been bitten off by an inmate and was off on some medical leave. Then he had been arrested, came back from medical leave, was placed on a variety of different other types of disciplinary leaves or what they call suspension pending judicial determination. But what we focused on for our FMLA leave was the period of time between January 17th and February 1st, and this goes all the way back to 2019. And our argument as to that period is that the Department of Corrections was under an obligation to reinstate Mr. Dean. Counsel, before we get too much further in, I have a question about appellate jurisdiction. The amended judgment says that the claims against Rob Jeffries and John Baldwin have been dismissed without prejudice. So how is this decision final? Judge Easterbrook, I have to apologize. I'm not in a position to answer that question right now. Well, the court's rules require people to address jurisdiction in their briefs. The parties have utterly ignored this, and if this case still isn't over with respect to two of the defendants, I don't see how we are here. Every once in a while, parties try to dismiss some claims without prejudice, thinking that they will then restart after the Court of Appeals ruling. And we have said many times that that's not allowed. Now, if the claims against Jeffries and Baldwin have been permanently abandoned, then we've got jurisdiction. But otherwise, I don't see how we do. I understand. I don't know that we appealed from those determinations. You can't unless it's a final judgment. I understand that. You can't appeal with respect to anybody until we have a final judgment. I do understand that, Judge Easterbrook, and there were obviously two judgments that were entered in the case. All right, we will give the parties 14 days to file supplemental memoranda addressing the question whether we have appellate jurisdiction. That will give you an opportunity to officially abandon your claims against those two defendants. But if those claims are not abandoned, I don't see how we have jurisdiction. I appreciate the Court's indulgence on that, Judge Easterbrook. But going back to the FMLA claim for the two-week issue that we were referencing, what we know is that on the 15th, Mr. Dean went to his doctor and received a release to return to work. We know that that release was submitted to the Department of Corrections. We know that it went to Assistant Warden Goins, who allowed it, even though it was somewhat restricted duties. He allowed it to return, allowed him to return under those restrictions. What we have is, in our view, no communication with the Department, with Dean, over a period of several weeks, up until... So he doesn't know that he's been placed back on the schedule from January 7th during that two-week period? That is our argument. That's what he claims. He claims he never received anything. And I think that there are some important facts and factual disputes that are important here. And I suggest that the Court pay particular attention to the statement of fact number 22 that the defendants raised in their motion for summary judgment, where they very specifically state that it was February 6th when this individual attempted to reach out to Mr. Dean, and that was quite a while after that. And then they say she made phone calls after that. They went back in their reply brief and said, oh, no, that's not exactly correct. But I think that they are certainly bound by that. And if they're not bound by it, then at least it creates a question of fact as to whether Mr. Dean was notified. Was Mr. Dean placed on paid administrative leave on January 16th? He was not. He was on a paid leave through January 16th. He was released to return to work. I thought he was on FMLA. It was classified as FMLA, but it was paid. And one of the things that the district court asked us to do was come up with a joint timeline of all of these, which is on page 14 of our brief. But from the January 17th point, that's when he was not working and was, by agreement, in an unpaid status. So during that period of time from January 17th through February 1st, he was in an unpaid status and not working. Our view is that under the FMLA, he should have been reinstated at that point in time. There is another point. The record suggests that he was in prison during that time. How was he going to be reinstated and go back to work? Well, I think that at best there's a dispute of fact over that, Judge Easterbrook. How can there be a dispute of fact over the days somebody is in prison? Because there's no record of the dates that he was in prison. And this was an issue that was not raised by the department in its motion for summary judgment. They didn't say, well, he was in prison. They never made that argument. This is something that the district court came up with after the summary judgment briefing and stated that he had, in his testimony, he stated he had been in jail for a couple of weeks. And, again, his testimony was four years, five years after the fact. And we know some of what he said about that timeline was wrong. And so the thought that we have to accept his generalized statement that it was a couple of weeks, going back four years ago, when it was not an issue that we could address in our summary judgment briefing. But he admitted to being incarcerated for a couple of weeks. I don't think that he did. He testified that he had been in one jail and then was transferred to another jail. And he said he was there for, I think, two or three weeks, I think is what he said in a generalized statement. He did not say when he was transferred out. We know he was transferred on. We know from the record that it was January 6th. I think it was, I believe it was January 6th or 7th is when he was put in the first jail. No, that's when he's arrested for violating bail by contacting his wife on December 23rd. And so he was arrested the first time before that on December 19th of 2018. Yes, but he's in jail, I think, from January 7th through January 11th. Then he's released and then he is moved to another jail. What we don't know is how long he was there. That's not in the record. What we have is his testimony that he was there two or three weeks. But, again, he was even off on the date that he had gotten out of jail. How can a plaintiff on appeal say, well, my own testimony about when I was in jail was probably wrong, so let's do this again? Because the problem with that, Judge Easterbrook, is this was not an issue that was raised by them in the district court. So this is something that Judge Myerscough came up with as part of her justification for grand and summary judgment. Had they addressed that issue, we could have provided all of the documentation. But that didn't happen because that was not what they... You would have provided that in the district court in any event. Well, no, because it wasn't an issue. Once the district court rendered its decision and it clearly was an issue, why didn't you go back to the district judge? If you have concrete records showing the exact dates and say, okay, here are the exact dates, it strikes me as very odd to come up on appeal and say, please don't believe the plaintiff's own statements about the dates when we chose not to put documents in evidence. Well, I disagree with that characterization, Judge Easterbrook. I think that, again, the inferences can properly be drawn in Mr. Dean's favor. And when initially, I see my time has expired, so I do appreciate the court's indulgence. So any other questions? Thank you, counsel. Thank you. Mr. Turner. Thank you, Your Honor. Good morning, Your Honors. Counsel, may it please the court. I'm Christopher Turner on behalf of the defendants. This court should affirm the district court judgment because no reasonable jury could find that the department interfered with Plaintiff Michael Dean's rights under the Family and Medical Leave Act by failing to return him to work, or that Dean was fired in retaliation for taking leave under the act, or that Dean did not receive the required due process under the 14th Amendment for the February 2, 2019, suspension pending a judicial verdict on his arrest for domestic battery. Now, going to the first case, his first claim, which was discussed here, the interference claim, there was somebody's judgment was proper for at least three independent reasons. As the court mentioned, the record established that he was in jail at the time. His own testimony said that he was in the Knox County Jail for a week, and then afterward transferred to the Wabash County Jail for two to three weeks. Is there any reason why you didn't just get the prison records, put them in evidence? The court could take judicial notice of official records. It's true, Your Honor. I don't know at that point what they didn't do, but they did have his testimony at that point. They didn't raise the damages argument, really, that it was impossible for him to suffer anything, but we did actually, in the reply on the interference claim, did raise the fact that he was in jail supporting the fact that we had provided notice as well as returned him to work. And that's really the primary argument that was made was, in fact, that the department had reinstated immediately after his release, his medical release was received on December 16th. They had found a light-duty position was available that could accommodate his restrictions, and they reinstated him for the next day. The court then, Elizabeth Barrett, the human resources representative, attempted to contact him that same day. On the 16th? On the 16th, Your Honor. And so at this point, the record is not correct that he was not on paid administrative leave. I think counsel is correct that he was on paid administrative leave until January 16th. I don't remember whether, I think it changed the 17th, but I'm not sure if the exact date is either the 16th or the 17th. He was getting paid, I think, through maybe a state system or another kind of leave, overlapping leave. But at that point, he had been reinstated. They tried to contact him both at his phone number, his given phone number, and then when that phone number they discovered was disconnected by sending notice to his address. He has not explained what more they should have done. He's pointing to the fact there was a typographical error in the motion for summary judgment in the statement of facts that gave the date of February 6th, but the supporting document, which was Exhibit K, it's Document 2712 that we also cite in our brief, it was an internal memorandum dated February 6th, but it was memorializing very explicitly Ms. Bair's efforts on January 16th. Then clarified in the reply both with her declaration and a contemporaneous incident report that she had created. But all these documents also are, they're bait stamps, they're all from, except the declaration, of course. But the other documents, including the February 6th memo from the original motion, were produced documents. These weren't surprises. So the undisputed record shows that they actually did return him to his work, so there is no FML claim there on that basis at all. In addition, also, under the FMLA he wasn't entitled to return to light. He didn't have a statutory duty to return to a light duty position. So he was still under restrictions for limited use of his right hand at that point. So he actually, even if they didn't reinstate him, which they did, and even if he could have been reinstated, was able to go back to work, which because he was in jail he couldn't, he had no statutory right to return to the light duty position. So for each of those reasons there was no interference claim. With regard to his retaliation claim, it was also, summary judgment was also proper because the record showed that the department fired Dean for his behavior related to a success of three arrests for domestic battery, violatings, bail bond, and then marijuana possession. He contends that a jury could, the only, he doesn't provide any evidence of any kind of improper animus that it was in some ways meant, it was a retaliation for him taking medical leave. Instead he relies on an argument of pretext, saying that the argument that the department's preferred reasons were actually a phony lie. But the only argument he gives for that is his claim that Illinois law at the time required firing him for the mere fact of arrest. It didn't, the problem is, though, it did not prohibit the department from firing Dean for his underlying behavior related to his arrests. And as the documents related that, through which he was fired, for instance the employee review summary hearing, that the hearing reflects that the hearing officer found credible evidence that he had violated the department's standards, and that was after reviewing not just his arrests, but his reported behavior related to his physical battery against his wife, threats made against her family, him violating his bail bond, which was really a no-contact order at that point. He wasn't supposed to go within 500 feet of their residence, and he did. And then also for having marijuana possession, which at the time was prohibited under the zero-tolerance drug policy. So each of these reasons, those were the reasons given, and so there clearly weren't pretexts. But even if Dean had raised a genuine dispute as to whether the department's actions might have been improper under that Illinois statute, that even, which he didn't, that still would not raise a reasonable inference of pretext. This court has repeatedly clarified that the pretext isn't shown by, the court doesn't look to whether or not the given reason, the preferred justification for firing the employee was faulty, was mistaken judgment, or even whether that was baseless. It's whether or not it was actually a lie, that it was a phony lie. And here the department clearly, there's no evidence, and it's clear that the department had fired him for those arrests, the conduct related to those arrests. So even if he could make a claim it was really for the facts of those arrests versus the related arrests, there's nothing fishy about them wanting to fire a correctional officer, an officer who was given the public trust for engaging in domestic battery, violating his bail bond then, which was like a no contact order, and being arrested for drug possession. If the court has no questions with regard to retaliation, just also the due process claim was properly subject to summary judgment as the court held under the Supreme Court decision Gilbert v. Homer. Because Dean was a correctional officer with, again, an officer with the public trust, no pre-deprivation process or hearing was required for a suspension without pending a judicial verdict like that, a temporary suspension following an arrest for a serious crime like domestic battery. And as long as there was some post-deprivation process available, and as the record establishes and he doesn't deny, there was post-deprivation process available. He filed a grievance challenging not only his discharge, but also his suspension without pay beforehand pending the judicial verdict. He obtained a review of that grievance, which was denied by the labor administrator later in September, I think, of 2019. And then after that I believe he sought arbitration. So if you're on us, if you have no other questions, for the reasons we set forth in our brief, we ask that you affirm the grant of summary judgment. Thank you, counsel. The case is taken under advisement.